IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DEBORAH L. SHAW,**                                08-CV-1013-BR

    **Plaintiff,**                              OPINION AND ORDER

v.

**WAL-MART STORES, INC.,**

    **Defendant.**


**DAMIAN M. IDIART**
The Idiart Law Group, LLC
1005 N. Riverside Ave., Suite 100
Medford, OR  97501
(541) 772-6969

    Attorneys for Plaintiff

**JAY RICHARD CHOCK**
**JOHN R. BARHOUM**
Dunn Carney Allen Higgins & Tongue, LLP
851 S.W. Sixth Ave., Suite 1500
Portland, OR 97204
(503) 306-5313

    Attorneys for Defendant


1   -   OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion (#5) to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) and, in addition, on Grounds of Forum Non Conveniens.  For the reasons that follow, the Court **GRANTS** Defendant's Motion and **DISMISSES** Plaintiff's Complaint **with prejudice**.

## BACKGROUND

On September 4, 2006, Plaintiff was using a motorized cart at a Wal-Mart store in Curituba, Parana, Brazil (Brazil store). Plaintiff alleges the cart stopped suddenly because of an uneven pathway, which forced the steering column into sudden contact with Plaintiff's abdomen and injured her.  Plaintiff had recently undergone surgical repair on her abdomen, and, therefore, the injury was more significant.

On August 28, 2008, Plaintiff filed a Complaint in which she asserts Defendant's negligence caused her injury.

On December 8, 2008, Defendant Wal-Mart, Inc., filed a Motion to Dismiss in which it asserts it does not own or operate the Brazil store, employ the associates who work there, or own the land on which the store sits.  Defendant further asserts the Brazil store is owned and operated by Wal-Mart Brasil, Ltda (Brazil corporation), a separate and distinct company organized

under the laws of Brazil.  In addition, Defendant asserts the Brazil corporation is a wholly owned subsidiary of Ontario, Inc., and New Brunswick, Inc., which are both Canadian corporations. Finally, Defendant submits evidence to support its position that the Brazil store and Defendant have separate boards of directors and different officers and are financially insulated from one another.

The Court heard oral argument on January 21, 2009.  At oral argument, the Court offered to construe Defendant's Motion to Dismiss as a motion for summary judgment in the event Plaintiff had any factual material to support its opposition to Defendant's Motion, but Plaintiff declined.

## STANDARDS

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is proper only if the pleadings fail to allege sufficient facts so as to establish a plausible entitlement to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65 (2007).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be

3  -  OPINION AND ORDER

>       enough to raise a right to relief above the
>       speculative level on the assumption that all the
>       allegations in the complaint are true (even if
>       doubtful in fact).

*Id.* The court accepts as true the allegations in the complaint and construes them in favor of the plaintiff. *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007). "The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court." *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000)(citations omitted). The court's reliance on judicially-noticed documents does not convert a motion to dismiss into a summary-judgment motion. *Intri-Plex*, 499 F.3d at 1052.

## DISCUSSION

Defendant Wal-Mart, Inc., contends the Court should dismiss Plaintiff's Complaint because, as a matter of law, Plaintiff has not alleged facts that state a claim against it as opposed to the separate Wal-Mart entity that is responsible for the Brazil store where Plaintiff was injured. Defendant asserts it cannot be held liable for the negligent actions of its indirect subsidiaries such as the Brazil store because it is a separate and distinct legal entity.

Under Oregon law, a parent corporation cannot be held liable for the acts of its subsidiaries unless the following conditions

4  -  OPINION AND ORDER

are met:

> (1) The shareholder must have controlled the corporation; (2) the shareholder must have engaged in improper conduct in his exercise of control over the corporation; and (3) the shareholder's improper conduct must have caused plaintiff's inability to obtain an adequate remedy from the corporation.

*Acrymed, Inc. v. Convatec*, 317 F. Supp. 2d 1204, 1214 (D. Or. 2004)(citing *Rice v. Oriental*, 75 Or. App. 627, 633, *rev. denied*, 300 Or. 546 (1986).  As noted with supporting evidence, Defendant asserts the two corporations have separate corporate leadership and separate finances.  Despite being given the explicit opportunity to do so, Plaintiff has not provided any evidence to the contrary nor has Plaintiff alleged Defendant's improper corporate conduct "caused plaintiff's inability to obtain an adequate remedy from the corporation."  *Id*.

On this record, the Court concludes Plaintiff has failed to allege sufficient facts to state a claim under Rule 12(b)(6), and, therefore, the Motion to Dismiss should be granted.

At oral argument, Plaintiff's counsel requested any dismissal be conditioned on the Brazil store's agreement to submit to jurisdiction in Brazil.  Plaintiff, however, did not provide any authority in support of this request.  Because the Court cannot, as a matter of due process, impose such requirements on a party that is not before the Court, the Court also denies Plaintiff's request for a conditional dismissal.

5  -  OPINION AND ORDER

Finally, because it appears there is not any basis on which Plaintiff could amend her Complaint to state a claim against Wal-Mart, Inc., the Court concludes Plaintiff's Complaint should be dismissed with prejudice.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss (#5) and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 19th day of March, 2009.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

6 - OPINION AND ORDER